BOLIN, Judge.
Plaintiffs, husband and wife, individually, and on behalf of their three minor children, sue Kansas City Southern Railway Company for personal injuries sustained by Mrs. Addison and the children in a collision between a K. C. S. freight train and an automobile driven by Mrs. Addison. Consolidated for trial and on appeal is Addison v. Kansas City Southern Railway Company, La.App., 170 So.2d 143. The consolidated suit is likewise for personal injuries received by Mrs. Nellie F. Addison, a guest passenger in the automobile being operated by her daughter-in-law, Betty Addison. From judgment rejecting plaintiffs’' demands they appeal.
On the morning of the accident Mrs. Betty Addison, accompanied by her three minor children, drove the family car from her home in Shreveport, Louisiana, to the home of Mrs. Nellie Addison, her mother-in-law, for the purpose of transporting the latter to a nearby trolley stop to catch a trolley to the Confederate Memorial Hospital. Mrs. Nellie Addison was seated in-the right front of the vehicle and had one of the children in her lap. One of the other children was standing on the front seat between the two adults and the other-child was in the back seat. Immediately preceding the accident Mrs. Addison had driven her automobile north for approximately one block on Dillman, a secondary city road, which parallels defendant’s railroad tracks to the right. At 74th street the road makes a sharp right turn up a rather steep embankment, crosses over defendant’s, tracks and continues eastward. It was at this crossing that the accident occurred. Mrs. Addison drove her car along Dillman street parallel to the tracks, turned right and ascended the incline directly in front of the defendant’s train.
*143 Plaintiffs assert defendant is liable and predicate their claim first upon the alleged negligence of the railroad crew in failing to sound the necessary precautionary warnings as the train approached the crossing. Should this plea of negligence fail, plaintiffs urge defendant is liable under the theory that the crossing was extraordinarily hazardous, in the nature of a trap, and under our jurisprudence required that extensive precautions be taken by the railroad to protect the traveling public.
The lower court, for written reasons assigned, rejected plaintiffs’ demands. It found defendant free of any negligence and further found the crossing was not so dangerous as to necessitate any signal other than the standard “STOP” sign required by Louisiana law. From our review of the record, we fully concur in the judgment of the lower court.
Plaintiffs’ argument that this crossing represents an extremely hazardous one and is a dangerous trap rests upon the fact that the driver of an automobile, approaching the crossing from the west, must necessarily turn his head slightly more than 90 degrees to ascertain the approach of a train from the right. It was established that the usual Louisiana Stop sign was in place some 20 feet before the crossing; that the only actual obstruction to plaintiff-driver’s view was the angle of the embankment; that plaintiff knew of and had negotiated this crossing many times; that if a driver of a car stopped his vehicle 14 feet 8 inches before reaching the tracks and looked to the right he would have a clear view of the tracks for at least one-quarter of a mile. Numerous authorities are cited by plaintiffs to support the theory that this crossing was of an extremely hazardous nature. Plowever, viewing the matter in the light most favorable to plaintiffs we agree with the trial judge that this crossing is not unusually dangerous so as to require more than ordinary precautions on the part of the railroad. See American Jurisprudence, Vol. 44, § 507, Page 747.
We are also convinced the railroad crew sounded the loud air horn on the engine several times prior to the train reaching the crossing; that the bell on the engine was constantly ringing for several hundred yards preceding the time the train reached the crossing; that the train was traveling at a moderate speed; and consequently plaintiffs have failed to prove any negligence on the part of the defendant crew. For this reason the judgment appealed from should be affirmed.
Having concluded defendant was free from negligence, we pretermit a decision on the special pleas of contributory negligence.
For the reasons assigned the judgment appealed from is affirmed at appellants’ costs.
Affirmed.